Andrew Douglas TWEEDIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–97–00987–CR

Court of Appeals of Texas, Dallas.

Dec. 9, 1998.

Wilson Eugene Hodge, Garland, for Appellant.

Mitchell R. Nolte, Collin County Dist. Atty., McKinney, for State.

Before Justices LAGARDE, KINKEADE, and WRIGHT.

## OPINION

ED KINKEADE, Justice.

Andrew Douglas Tweedie appeals from the dismissal of his appeal of a speeding ticket from municipal court to county court. In his sole point of error, Tweedie claims that the county court erred in dismissing the appeal because the appeal to that court was timely filed. Because the appeal bond was not timely filed with the municipal court, we affirm the county court's dismissal of the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 1995, Tweedie received a speeding ticket in Plano. Pursuant to article 27.14(b) of the Texas Code of Criminal Procedure, he pled nolo contendere and filed a written waiver of jury trial. The municipal court accepted the plea, found Tweedie guilty, and assessed punishment at a $113 fine. The municipal court sent Tweedie a letter telling him that he had thirty-one days from receipt of the letter to either pay the fine or appeal the case. Tweedie received the letter on August 5, 1995. On September 6, 1995, he filed an appeal bond with the municipal court, and the case was appealed to County Court at Law No. 2. On April 16, 1997, a hearing was held, and the county court granted the State's motion to dismiss for lack of jurisdiction. Tweedie appealed that ruling to this Court.

## THE COUNTY COURT'S JURISDICTION

In his sole point of error, Tweedie contends that the county court erred in dismissing the appeal for lack of jurisdiction. Generally, in appeals from justice and municipal courts, the appeal is perfected when a proper appeal bond is filed with the justice or judge who tried the case, not later than the tenth day after the date the judgment was entered. TEX.CODE CRIM. PROC. ANN. art 44.14(b) (Vernon Supp.

1998). Under article 27.14(b), however, a defendant charged with a misdemeanor for which the maximum possible punishment is a fine may file a letter with the justice or municipal court as an alternative to the ten day rule. The defendant may mail or deliver in person to the court a plea of guilty or nolo contendere and a waiver of jury trial. If the plea and waiver are received by the court before the defendant's scheduled court date, then the court shall dispose of the case and notify the defendant of the fine amount and, if requested, the amount of the appeal bond. The defendant shall pay any fine assessed or give an appeal bond in the amount stated in the notice before the thirty-first day after receiving the notice. TEX.CODE CRIM. PROC. ANN. art. 27.14(b) (Vernon Supp.1998).

At the hearing, Tweedie stated that he received the municipal court's letter on August 5, 1995. The record reflects that the appeal bond was filed in the municipal court on September 6, 1995, one day after the thirty-one day deadline. The filing of a timely, proper appeal bond is essential to perfect an appeal from municipal court. *See Lopez v. State*, 649 S.W.2d 165, 166 (Tex.App.—El Paso 1983, no pet.); *see also State v. Morse*, 903 S.W.2d 100, 105 (Tex.App.—El Paso 1995, no pet.). If an appeal bond is not timely filed, the appeals court does not have jurisdiction over the case and shall remand it to the justice or municipal court for execution of the sentence. TEX.CODE CRIM. PROC. ANN. art. 44.14 (Vernon Supp.1998). Because Tweedie failed to file the appeal bond on time, the county court lacked jurisdiction over the appeal.

Tweedie claims that former TEX. R.APP. P. 4(b) gave him an additional ten days in which to file his appeal bond with the municipal court. Former rule 4(b) provided that if a motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error or petition for discretionary review is sent to the proper clerk by first-class United States mail and is postmarked within the time limit, it shall be timely filed by the clerk if received not more than ten days after the filing deadline. The Texas Rules of Appellate Procedure, however, govern only procedure in appellate courts and before appellate judges and post-trial procedure in trial courts in criminal cases. TEX.R.APP. P. 1.1. The Texas Rules of Appellate Procedure do not apply to appeals from municipal courts that are not courts of record to county courts because a county court is a trial court, not an appellate court. In an appeal to a county court from justice and municipal courts, other than municipal courts of record, the trial shall be de novo. TEX.CODE CRIM. PROC. ANN. art. 44.17 (Vernon Supp.1998). Thus, in hearing an appeal of a case from justice or municipal court, a county court is functioning as a trial court, not as an appellate court, even though it is exercising limited appellate jurisdiction. The Texas Rules of Appellate Procedure are inapplicable to this kind of proceeding. Because the county court properly determined that it lacked jurisdiction over this appeal, we overrule Tweedie's sole point of error.

We affirm the order of County Court at Law No. 2 dismissing the appeal for lack of jurisdiction and remanding it to the municipal court for execution of the sentence.