Dismissed and Memorandum Opinion filed April 29, 2004









Dismissed and Memorandum Opinion filed April 29, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-03-01381-CR; 14-03-01382-CR;
14-03-01383-CR

14-03-01384-CR; 14-03-01385-CR; and
14-03-01386-CR

____________

 

GENTLE M.
EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal
Court at Law No. 11

Harris County,
Texas

Trial Court Cause Nos.
5366, 5367, 5368, 5369, 5370 & 5371

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted by a jury in municipal court of six
violations of City of Houston Municipal Ordinances concerning operation of his
automobile salvage business.  Appellant appealed
his convictions to county court.  See
Tex. Code Crim. Proc. Ann.
art.  44.17 (Vernon Supp. 2004).  The county criminal court determined that it
lacked jurisdiction over the appeals and dismissed them.  Appellant then appealed to this court.  We dismiss the appeals for want of
jurisdiction.








Harris County Criminal Court at Law No. 11 signed its order dismissing all
these appeals on July 21, 2003. 
Appellant filed a motion to reconsider on July 28, 2003.  On November 21, 2003, the trial court signed
an order denying appellant=s motion for
rehearing.  Appellant filed a single
notice of appeal for all
of these cases on December 8, 2003.

We lack jurisdiction over these
appeals.  Appellant=s notice of appeal
from the county criminal court=s order is
untimely.  The rules of appellate procedure do not apply
to county criminal courts, even when that court exercises limited appellate
jurisdiction pursuant to Code of Criminal Procedure article 44.17.  Tex.
Code Crim. Proc. Ann. art. 44.17 (Vernon Supp. 2004); Carson v.
State, 65 S.W.3d 774, 778 (Tex. App.CFort Worth 2001, no pet.); Tweedie
v. State, 10 S.W.3d 346, 348 (Tex. App.CDallas 1998, no pet.).  The rules of appellate procedure governing
the timeliness for perfecting an appeal to this court do apply to an appeal
following a county criminal court=s decision under article 44.17,
however.  Carson, 65 S.W.3d at
778.  An appellant desiring to perfect an
appeal to this court from a county criminal court=s decision in an article 44.17 appeal
must comply, like any other appellant, with the rules of appellate procedure
necessary to properly trigger this court=s jurisdiction.  Id.

A defendant=s notice of appeal
is due ninety days after sentence is imposed or an appealable order is signed
when the defendant has filed a motion for new trial.  See Tex.
R. App. P. 26.2(a)(2).  A notice
of appeal which complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton
v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  If an appeal
is not timely perfected, a court of appeals does not obtain jurisdiction to
address the merits of the appeal and can take no action other than to dismiss
the appeal.  Id.








Here, appellant=s notice of appeal
was due by October 20, 2004, the Monday following ninety days after the trial
court signed the order of dismissal.  See
Tex. R. App. P. 26.2(a)(2) and
4.1(extending last day of filing period to the next day when the deadline is a
Saturday, Sunday, or legal holiday). 
Instead, appellant filed his notice of appeal on December 8, 2003,
within thirty days of the county criminal court=s signing of the
order denying his motion for rehearing on November 21, 2003.  The appellate timetables for appeals to this
court are calculated from the date of sentencing or signing of the appealable
order, not the overruling of a motion for new trial or rehearing.  See Tex.
R. App. P. 26.2. 

Appellant=s notice of appeal from the county criminal court at law=s dismissal order was not filed
timely.  Accordingly, we dismiss the
appeals for want of jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed April 29, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).