

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-10-00157-CR

---

TEXAS VITAL CARE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court
Fannin County, Texas
Trial Court No. 44925-app

---

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

Texas Vital Care[1] was issued three citations for violation of City of Bonham Ordinance No. 1048, an ordinance restricting the transportation of emergency and non-emergency patients in the City of Bonham. Texas Vital Care was found guilty of violating the ordinance upon trial in the Bonham Municipal Court of Record[2] and was fined $500.00 on each of the three violations. The municipal court denied Texas Vital Care's motion for new trial, and Texas Vital Care appealed to the County Court of Fannin County. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2009).[3]

The State filed a motion to dismiss the appeal, alleging Texas Vital Care's noncompliance with Section 30.00015 of the Texas Government Code, requiring the filing of an appeal bond in

---

[1]The citations were actually issued in the full name of Texas Vital Care: Bells Savoy Community Emergency Services, Inc., d/b/a Texas Vital Care EMS.

[2]Municipal courts of record are provided for by Chapter 30 of the Texas Government Code. A municipality may choose to have either a "municipal court" or a "municipal court of record," but not both. *See* TEX. GOV'T CODE ANN. § 30.00003(e) (Vernon 2004). A primary distinction between these types of municipal courts is that a "municipal court" established under Section 29.002 of the Texas Government Code is not a court of record. *See* TEX. GOV'T CODE ANN. § 29.002 (Vernon 2004). Thus, an appeal from such a municipal court is necessarily by trial de novo because there is no "trial record" for the county court to consider on appeal. *See State v. Blankenship*, 170 S.W.3d 676, 680 n.7 (Tex. App.—Austin 2005, pet. ref'd); *Tweedie v. State*, 10 S.W.3d 346, 348 (Tex. App.—Dallas 1998, no pet.). By comparison, an appeal from a municipal court of record must be "based only on errors reflected in the record." TEX. CODE CRIM. PROC. ANN. art. 44.17 (Vernon 2006); *see also* TEX. GOV'T CODE ANN. § 30.00014(b) (Vernon Supp. 2009).

[3]This provision of the Texas Government Code affords the right of appeal from "a judgment or conviction in a municipal court of record. . . . The county criminal courts or county criminal courts of appeal in the county in which the municipality is located or the municipal courts of appeal have jurisdiction of appeals from a municipal court of record." TEX. GOV'T CODE ANN. § 30.00014(a).

2

order to perfect an appeal to the county court.[4] Having determined that no appeal bond had been filed, the county court dismissed the appeal and remanded the case to municipal court for execution of sentence. Texas Vital Care now attempts to appeal the county court's order of dismissal to this Court.

Although not raised by any party, we must notice, even sua sponte, the matter of our own jurisdiction over the merits of this appeal because jurisdiction is fundamental and cannot be ignored. *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002). The record reflects that the county court dismissed the appeal because Texas Vital Care failed to file an appeal bond in the municipal court of record.

A defendant may appeal to a court of appeals if he is convicted in a municipal court of record only if "the fine assessed against the defendant [in municipal court] exceeds $100 and if the judgment is affirmed" by the county court. TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon 2004). In this case, Texas Vital Care was convicted in a municipal court of record and the fine assessed for each conviction was $500.00. However, the judgment of the municipal court was never addressed on the merits. Instead, the county court dismissed the appeal for failure to file an

---

[4]Section 30.00015 requires that if the defendant is not in custody,

> [T]he defendant may not take an appeal until the defendant files an appeal bond with the municipal court of record. The bond must be approved by the court and must be filed not later than the 10th day after the date on which the motion for new trial is overruled.

TEX. GOV'T CODE ANN. § 30.00015(a) (Vernon 2004).

appeal bond. It, therefore, appears that because the judgment was not affirmed by the trial court, this Court does not have jurisdiction to hear the appeal as the statutory requirements of Section 30.00027(a) of the Texas Government Code have not been satisfied.

The only reported case addressing the issue now before this Court is *Jamshedji v. State*, 230 S.W.3d 224 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). In that case, the appellate court determined that it lacked jurisdiction to entertain an appeal after the county criminal court dismissed the appeal from a municipal court of record for want of jurisdiction. The court determined that the right to appeal exists only where a conviction in municipal court has been affirmed by the county court. *Id.* at 225. A situation effectively identical to this one was addressed in a memorandum opinion by the Fort Worth Court of Appeals. The court held that because the county criminal court dismissed, rather than affirmed the municipal court judgment, there is no right to appeal. The appeal was therefore dismissed for want of jurisdiction. *McDowell v. State*, No. 2-07-260-CR, 2007 WL 3037710 (Tex. App.—Fort Worth Oct. 18, 2007, pet. ref'd) (mem. op., not designated for publication).[5]

One convicted of a crime has no common law or constitutional right to appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal is, instead, purely a statutory right. *Id.* "[T]o the extent that the legislature has created such a right, one hoping to invoke it

---

[5]While unpublished, or memorandum, opinions are not binding precedent, such opinions may be considered as persuasive authority. *See also Underwood v. State*, No. 14-06-00763-CR, 2007 WL 1745297 (Tex. App.—Houston [14th Dist.] June 19, 2007, no pet.) (mem. op., not designated for publication) (right to appeal to court of appeals from municipal court of record judgment exists only when judgment is affirmed by the county court).

must abide by the statutory requirements creating it." *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.). The right to invoke the jurisdiction of this Court in a case originating in a municipal court of record is determined by Section 30.00027. *See Alexander v. State*, 240 S.W.3d 72, 75 (Tex. App.—Austin 2007, no pet.). This section limits our jurisdiction to those cases in which the judgment was affirmed by the appellate court. TEX. GOV'T CODE ANN. § 30.00027. This Court is not at liberty to ignore or rewrite this legislative mandate.[6] Because the municipal court judgment was not affirmed by the appellate court, this Court has no jurisdiction. If an appellate court is without jurisdiction over an appeal, it can only dismiss the appeal. *See Sherman v. State*, 12 S.W.3d 489, 492 (Tex. App.—Dallas 1999, no pet.).

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:      September 13, 2010
Date Decided:        September 14, 2010

Publish

---

[6]The best evidence of legislative intent is the statutory text. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The language of Section 30.00027(a) is clear and unambiguous.