

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00011-CR

RICARDO G. RAMIREZ                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Ricardo G. Ramirez is attempting to appeal the county criminal court's order dismissing his appeal from a Fort Worth municipal court's judgment. Because he has no right to appeal from the county criminal court's order, we dismiss the appeal for want of jurisdiction.

A municipal court jury convicted appellant of assault by contact on January 11, 2011.  In accordance with the jury's verdict, the trial court assessed a $567

----

[1]*See* Tex. R. App. P. 47.4.

fine and court costs. Although appellant filed an appeal in the county criminal court, he did not also file a motion for new trial in the municipal court; thus, the county criminal court dismissed the appeal. *See* Tex. Gov't Code Ann. § 30.00014(c)–(d) (West Supp. 2011) (providing that to perfect appeal to county criminal court, appellant must file notice of appeal *and* motion for new trial with municipal clerk not later than ten days after date of municipal court judgment).

A person may appeal a county criminal court's judgment on appeal of a municipal court judgment to the court of appeals if (1) the fine assessed exceeds $100 and if the county criminal court *affirms* the municipal court's judgment or (2) if the sole issue is the constitutionality of the statute or ordinance on which a conviction is based. Tex. Gov't Code Ann. § 30.00027(a) (West Supp. 2011). This statute limits our jurisdiction of appeals from county criminal court appellate decisions to the specific situations set forth in the statute. *Tex. Vital Care v. State*, 323 S.W.3d 609, 612 (Tex. App.—Texarkana 2010, no pet.).

We notified appellant that we were concerned that this court may not have jurisdiction over the appeal because the county criminal court's order may not be appealable. We gave appellant or any other party desiring to continue the appeal ten days to file a response showing why the appeal should be continued. Appellant's timely response cites *Martin v. State*, 346 S.W.2d 840, 840–41 (Tex. Crim. App. 1961), as authority for continuing the appeal. *Martin*, however, predates the Legislature's enactment of section 30.00027; thus, it is not controlling here. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992)

2

("[A]s there is nothing in the Texas Constitution which guarantees the right to appeal a criminal conviction, that right is only as provided by the legislature.").

Because the county criminal court dismissed the appeal from the municipal court's judgment—instead of affirming it—and because the sole issue of the appeal was not the constitutionality of the statute upon which appellant's conviction is based,[2] we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Tex. Vital Care*, 323 S.W.3d at 612.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 22, 2012

---

[2]Appellant argued to the county criminal court before the dismissal that his trial counsel had been ineffective for failing to object to testimony by appellant's wife and mother-in-law.

3