

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00560-CR

| | | |
|---|---|---|
| Gregory Scott Mizer | § | From County Criminal Court No. 4 |
| | § | of Denton County (CA-2012-00001-CCA) |
| v. | § | February 28, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00560-CR

GREGORY SCOTT MIZER                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Gregory Scott Mizer appeals from an order of County Criminal Court Number Four of Denton County dismissing his appeal of a municipal court conviction for failing to follow the requirements of sections 30.00020 and 30.00021 of the Government Code. Tex. Gov't Code Ann. §§ 30.00020, 30.00021 (West Supp. 2012).

---

[1]*See* Tex. R. App. P. 47.4.

Section 30.00027(a) of the Government Code provides that this court has jurisdiction over this appeal if either "(1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court [County Criminal Court Number Four] or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." *Id.* § 30.00027(a) (West Supp. 2012). This statute limits our jurisdiction of appeals from county criminal court appellate decisions to the specific situations set forth in the statute. *Tex. Vital Care v. State*, 323 S.W.3d 609, 612 (Tex. App.—Texarkana 2010, no pet.); *see also State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding) ("[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute.").

The State filed a motion to dismiss this appeal for lack of jurisdiction, claiming that the appeal does not fit either scenario. Appellant responded, contending that he challenged the constitutionality of the ordinances he was convicted of violating at trial and that, notwithstanding the plain language of section 30.00027(a), this court has jurisdiction to review the county court's order.

Here, the county court did not affirm the municipal court's decision; it dismissed the appeal. As a result, the sole issue on appeal could not be the constitutionality of the ordinance because this court, in reviewing the county court's order, would necessarily have to determine whether it was correct in dismissing the case for procedural irregularities; the county court never passed

3

on the merits of the constitutional question. Accordingly, under the plain language of section 30.00027, this court does not have jurisdiction to hear the appeal. *See* Tex. Gov't Code Ann. § 30.00027(a); *Tex. Vital Care*, 323 S.W.3d at 612; *see also State v. Blackshere*, 344 S.W.3d 400, 404 (Tex. Crim. App. 2011) (holding that State could not appeal ruling on motion to suppress after jeopardy had attached because plain language of statute limited right of appeal to rulings made before jeopardy attaches).

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 28, 2013

4