02-12-560-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00560-CR

 

 


 
 
 Gregory
 Scott Mizer
  
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 4
  
 of
 Denton County (CA-2012-00001-CCA)
  
 February
 28, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for want
of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00560-CR

 

 


 
 
 Gregory Scott Mizer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 4 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Gregory
Scott Mizer appeals from an order of County Criminal Court Number Four of
Denton County dismissing his appeal of a municipal court conviction for failing
to follow the requirements of sections 30.00020 and 30.00021 of the Government
Code.  Tex. Gov’t Code Ann. §§ 30.00020, 30.00021 (West Supp. 2012).

          Section
30.00027(a) of the Government Code provides that this court has jurisdiction
over this appeal if either “(1) the fine assessed against the defendant exceeds
$100 and the judgment is affirmed by the appellate court [County Criminal Court
Number Four] or (2) the sole issue is the constitutionality of the statute or
ordinance on which a conviction is based.”  Id. § 30.00027(a) (West
Supp. 2012).  This statute limits our jurisdiction of appeals from county
criminal court appellate decisions to the specific situations set forth in the
statute.  Tex. Vital Care v. State, 323 S.W.3d 609, 612 (Tex.
App.––Texarkana 2010, no pet.); see also State ex rel. Lykos v. Fine, 330
S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding) (“[I]n Texas, appeals
by either the State or the defendant in a criminal case are permitted only when
they are specifically authorized by statute.”).

The
State filed a motion to dismiss this appeal for lack of jurisdiction, claiming
that the appeal does not fit either scenario.  Appellant responded, contending
that he challenged the constitutionality of the ordinances he was convicted of
violating at trial and that, notwithstanding the plain language of section
30.00027(a), this court has jurisdiction to review the county court’s order.

          Here,
the county court did not affirm the municipal court’s decision; it dismissed
the appeal.  As a result, the sole issue on appeal could not be the
constitutionality of the ordinance because this court, in reviewing the county
court’s order, would necessarily have to determine whether it was correct in dismissing
the case for procedural irregularities; the county court never passed on the
merits of the constitutional question.  Accordingly, under the plain language
of section 30.00027, this court does not have jurisdiction to hear the appeal. 
See Tex. Gov’t Code Ann. § 30.00027(a); Tex. Vital Care, 323
S.W.3d at 612; see also State v. Blackshere, 344 S.W.3d 400, 404 (Tex.
Crim. App. 2011) (holding that State could not appeal ruling on motion to
suppress after jeopardy had attached because plain language of statute limited
right of appeal to rulings made before jeopardy attaches).

          We
dismiss this appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a),
43.2(f).

 

PER CURIAM

 

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 28,
2013









[1]See Tex. R. App. P. 47.4.