¹DISMISS and Opinion Filed May 31, 2013



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00064-CV

**SHELLY SKEEN, Appellant**
**V.**
**CITY OF RICHARDSON, Appellee**

**On Appeal from the Municipal Court of the City of Richardson**
**Dallas County, Texas**
**Trial Court Cause No. R0378453**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Lewis
Opinion by Chief Justice Wright

By letter dated April 12, 2013, the Court questioned its jurisdiction over this appeal. Specifically, we questioned whether the order appellant was appealing was reviewable by direct appeal to this Court. We requested that appellant file a jurisdictional brief addressing the issue and gave appellee an opportunity to respond. Both parties filed briefs addressing our concern.

Appellant is appealing an order from the Richardson Municipal Court finding her liable for an automated traffic signal enforcement violation. The municipal court imposed a $75 fine for the violation. Appellant filed a notice of appeal of the municipal court order directly to this Court.

County criminal courts of appeal have *sole* jurisdiction of all appeals from criminal convictions for violations of municipal ordinances of municipalities located in the county. *See*

TEX. GOV'T CODE ANN. §§ 25.0594(a)(1) & 30.00014(a) (West Supp. 2012). The Texas Constitution confers the courts of appeals with jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." Tex. Const. art. V, § 6(a). Section 30.00027(a) of the government code provides:

> (a) The appellant has the right to appeal to the court of appeals if:
>
> (1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court; or
>
> (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.

TEX. GOV'T CODE ANN. § 30.00027(a) (West Supp. 2012). This section limits our jurisdiction of appeals *from* county criminal court appellate decisions to the specific situations set forth in the statute. *See Tex. Vital Care v. State,* 323 S.W.3d 609, 612 (Tex. App.—Texarkana 2010, no pet.). If an appellate court is without jurisdiction over an appeal, it can only dismiss the appeal. *See Sherman v. State,* 12 S.W.3d 489, 492 (Tex. App.—Dallas 1999, no pet.).

As stated in her notice of appeal, appellant appealed directly to this Court from the municipal court. In her jurisdictional brief, appellant asserts that this Court does have jurisdiction because section 30.00027(a) allows an appeal to the court of appeals if the sole issue is the constitutionality of the ordinance. Appellant tells us the constitutionality of the ordinance is her sole issue on appeal. Appealing the constitutionality, however, does not create an exception to the statutory mandate that a county court of criminal appeals has *sole* jurisdiction over appeals from municipal courts. Appellant skipped a required step – she failed to first take her appeal to the county court of criminal appeals.

This Court has no jurisdiction over appeals directly from a municipal court. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

130064F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHELLY SKEEN, Appellant

No. 05-13-00064-CV      V.

CITY OF RICHARDSON, Appellee

On Appeal from the Municipal Court of the
City of Richardson, Dallas County, Texas.
Trial Court Cause No. R0378453.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Lewis,
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, CITY OF RICHARDSON, recover its costs of this appeal from appellant, SHELLY SKEEN.

Judgment entered May 31, 2013

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE