

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE INTEREST OF: | § | No. 08-21-00058-CV |
| D.A.A.-B., | § | Appeal from the |
|  | § | 388th District Court |
| A CHILD | § | of El Paso County, Texas |
|  | § | (TC# 2016DCM0868 ) |

## <u>CONCURRING OPINION</u>

I concur in the reversal of the trial court's judgment dismissing Cristina's SAPCR petition, and the remand of the cause for further proceedings. I write separately, however, because I disagree with the statutory basis and reasoning of the majority's decision. Because the parties' prior divorce decree adjudicated that no child was born of their marriage, I would conclude that no parental presumption applies to this proceeding, as Cristina is bound by the effect of the prior adjudication. Accordingly, Cristina's standing as a parent is not cognizable as a matter of law. *See* TEX. FAM. CODE ANN. § 102.003(a)(1)(providing general standing for an original SAPCR to a parent of a child). But unlike the majority, I would further consider Cristina's other basis for standing in support of her claim. That is, she also alleged she had standing to bring her suit as a non-parent, asserting she has had actual care, control, and possession of the child for at least six months and not ending more than ninety days preceding the date of the filing of the claim. *See id.*

§ 102.003(a)(9)(providing standing to a non-parent when conditions are met). Viewing the evidence in the light most favorable to Cristina, as we must, I would conclude that the evidence presented raised a jurisdictional fact question as to whether standing was conferred on the non-parent basis due to Cristina having exercised actual care, control, and possession of the child for the requisite amount of time. *See id.*

I address each basis in turn.

## A. Standing based on a claim of presumed parentage

The majority concludes that Cristina could be "considered the presumed parent of the child under section 160.201 of the [Family] Code, given her unrebutted testimony establishing that the child was born during her lawful marriage to Andrea." The Court reasons that Section 160.201 applies equally to a same sex couple as it would apply to an opposite sex couple; and the language of the statute must be interpreted as if "gender was not an issue." Thus, it determines that Cristina may rely on a "presumption of parentage," and such presumption supports her standing as a "parent of the child." *See id.* § 102.003(a)(1).

Based on the pleadings, procedural posture, and evidentiary record of this case, I disagree with the majority's conclusion on three grounds.

### 1. Section 160.201 is not self-determinative

First, Section 160.201 is not a provision conferring standing for a SAPCR claim; nor does it operate autonomously apart from a proceeding to adjudicate parentage. *See* TEX. FAM. CODE ANN. § 160.201 (establishment of a parent-child relationship). Rather, it simply provides the possible bases under which a parent-child relationship is statutorily recognized as a part of the Uniform Parentage Act (UPA). *Id.*; *see also id.* §§ 160.001–.763 (proceedings to adjudicate parentage under Chapter 160).

2

The UPA as a whole provides the statutory scheme authorizing civil proceedings to adjudicate the parentage of a child. *See id.* § 160.601 (proceeding authorized); *see also id.* § 160.103(a)(establishing that Chapter 160 governs every determination of parentage). Such proceeding permits a court to render an order adjudicating the parentage of a child. *See id.* § 160.601. Standing to pursue a parentage action is conferred by Section 160.602, not Section 160.201. *Compare* TEX. FAM. CODE ANN. § 160.602(a)(1)-(8)(standing to maintain a parentage proceeding), *with id.* § 160.201 (providing for the establishment of a parent-child relationship). Because Section 160.201 does not itself adjudicate parentage without a parentage proceeding, I disagree with the majority's reliance on this provision as a basis conferring standing under Section 102.003(a)(1), even without the Court having to further consider the implication of the gender-specific language included within this statutory scheme.

## 2. *Parentage adjudication was not pleaded*

Second, I would also conclude that none of Cristina's pleadings assert standing as an adjudicated parent of the child or to otherwise become one. Between November 2017 and October 2018, Cristina filed three pleadings, an original petition, a first amended petition, and a second amended petition. All three sought orders for "conservatorship of, possession of, and access to the child," and for orders regarding child support. And none seek an order adjudicating a parent-child relationship between Cristina and the child. *See id.* § 160.636. Instead, she merely alleges such status in her original petition and her first amended petition, claiming in both that she is "the mother of the child the subject of this suit." However, she does not maintain such assertion of parentage, as an alternative claim, when filing her second amended petition, which is the most recent pleading. In that live pleading, Cristina concedes she "is not biologically related to the child the subject of this suit." But she further alleges she has standing to bring her suit for conservatorship, access, and

3

possession, as "a person" having had "actual care, control, and possession of the child for at least six months." *See id.* § 102.003(a)(9).

Based on Cristina's pleadings, testimony, and argument, I would conclude that—regardless of whether we consider her original pleading or her live pleading—she did not seek "an order adjudicating her parentage" in filing her suit. *See id.* § 160.601. Instead, her pleadings show the relief she sought was for conservatorship of, possession of, and access to the child, which is a form of relief governed by Chapter 153 of the code. *See id.* §§ 153.001–.301. Pursuant to that chapter, Section 153.005 provides for appointment of sole or joint managing conservators. *See id.* § 153.005; *see also Interest of N.M.B.*, No. 04-18-00111-CV, 2018 WL 6516120, at *2 (Tex. App.—San Antonio Dec. 12, 2018, pet. denied)(mem. op.)(finding appellant could not assert standing conferred by Section 160.602 as an "intended parent" because the section pertains to proceedings to adjudicate parentage and she was requesting to be appointed joint managing conservator of the child governed by Section 102.003). And, as relevant here, standing to assert a claim for conservatorship is governed by Section 102.003. *See id.* §§ 102.003, 153.005.

Yet, standing requires more than mere pleading of bare allegations. Instead, Cristina must establish standing within the parameters of the statutory language. *See In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). Here, regardless of which pleading is referenced, Cristina readily acknowledged by her testimony that she did not give birth to the child, she has never been adjudicated the mother of the child, and she has not adopted the child. *See* TEX. FAM. CODE ANN. § 160.201(a)(setting forth the bases for the establishment of the mother-child relationship). Based on her record testimony, I would conclude that standing was not established "as a parent," by a plain reading of the possible bases for a mother-child relationship as listed in Section 160.201. *See id.*

*3. Cristina and Andrea's prior divorce adjudicated that no child was born of the marriage*

Third and finally, I would conclude that the record demonstrates it has already been adjudicated that no child was born of the marriage of Cristina and Andrea, and such adjudication precludes reliance on a parental presumption regardless of whether or not gender-neutral language would otherwise be required. Cristina testified that she and Andrea had previously entered into an agreed divorce prior to her filing of the underlying SAPCR claim. She further acknowledged that neither she nor Andrea mentioned D.A.A.-B. as a child born of their marriage. Except in circumstances not applicable here, the UPA provides that a determination of parentage is given binding effect on all parties to the adjudication where jurisdictional requirements have been met. *See id.* § 160.637(a)(2). Because the parties' divorce decree is lawfully recognized, it operates against Cristina's claim of being a presumed parent of a child born of her marriage, and there is no further need to address whether a presumption applies equally to a same sex couple.[1] *See State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015)(reiterating that a final judgment represents an official announcement of the resolution of the issues in the lawsuit); *see also* TEX. FAM. CODE ANN. § 160.637(c)("In a proceeding to dissolve a marriage, the court is considered to have made an adjudication of the parentage of a child if the court acts under circumstances that satisfy jurisdictional requirements . . . and the final order[ ] expressly identifies the child as "a child of the marriage[.]"). From the record of this case, I would conclude that Cristina is bound by a final decree adjudicating that no child was born of her marriage to Andrea.[2]

To reach its conclusion that Cristina established standing as a presumed parent of the child,

---

[1] A signed judgment concludes the controversy between the parties and fixes a certain date from which appellate deadlines can be determined. *See Burrell v. Cornelius*, 570 S.W.2d 382, 383 (Tex. 1978)("The intended purpose for Rule 306a, TEX. R. CIV. P., is to fix a date certain from which appellate steps can be taken.").

[2] The record includes a passing mention that Cristina filed a bill of review challenging the parties' agreed divorce decree. Yet, no mention is included on how the trial court ruled on the bill, if at all. Cristina does not argue that the bill of review has been granted.

5

the majority followed the analysis of *Treto v. Treto*, 622 S.W.3d 397, 400 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.), which in turn cited to *Obergefell v. Hodges*, 576 U.S. 644 (2015) and *Pavan v. Smith*, 137 S. Ct. 2075, 2078–79 (2017)(per curium), cases wherein the United States Supreme Court addressed the rights of spouses in same-sex marriages. *Obergefell* declared that state laws must treat same-sex couples in a civil marriage "on the same terms and conditions as opposite-sex couples." *Obergefell*, 576 U.S. at 675–76. Following that decision, *Pavan* next explained the impact of that recognition when a state law is applied to a same-sex, married couple seeking a birth certificate for a child born during their marriage. *Pavan*, 137 S. Ct. at 2078–79. When an opposite sex couple conceived a child by way of anonymous sperm donation, the state law required the placement of the birth mother's husband on the child's birth certificate, even though the husband was definitely not the biological father. *Id. Pavan* concluded that, when legal recognition of paternity is extended to married parents, it must similarly be extended to same sex couples. *Id.* Based on *Obergefell* and *Pavan*, our sister court of appeal concluded in *Treto* that the parentage statute of this state must be interpreted to apply equally to spouses in same-sex marriages as it would apply to spouses in opposite-sex marriages. *Treto,* 622 S.W.3d at 402–03 ("[U]nder *Pavan*, we are to give effect to the ancillary benefits of a same–sex marriage, including the determination of maternity for the non–gestational spouse of a child born to the marriage." (citing *Pavan*, 137 S. Ct. at 2078)).

The majority adopts the same reasoning of *Treto* to this case. As the majority observes, *Treto* found that applying the marital presumption to spouses in same-sex marriages not only satisfies *Pavan's* requirement of placing such spouses on equal footing with spouses in opposite-sex marriages, but it also satisfies the policies of this state in promoting family stability and in

6

protecting the interests of children through the enforcement of child support obligations.[3] *Id.* at 401 (citing *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994)(discussing the history of the marital presumption)); *Williams v. Patton*, 821 S.W.2d 141, 145 (Tex. 1991)(recognizing that it is the "strong, long-standing policy of this state to protect the interests of its children," which includes the enforcement of child support obligations). Persuaded by *Treto*, the majority concludes that the presumption of parentage applying to same-sex spouses properly applies to this case. Based on the record of this case, however, I would conclude that *Treto, Obergefell, and Pavan* are all distinguishable.

The parties in *Treto* presented as a same sex married couple who had joined a SAPCR with their divorce. *Treto,* 622 S.W.3d at 398–400. Because of that joinder of proceedings, *Treto* expressly stated "there is no dispute that both Jennifer and Sandra had standing in the underlying divorce proceedings." *Id.* at 400 n.1. Thus, standing was not at issue in *Treto*. *Id.* Here, in contrast, there is no divorce proceeding to support Cristina's standing to bring a SAPCR claim. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018)("[S]tanding to bring a SAPCR is governed by statute[.]"). As the party seeking relief, Cristina shoulders the burden to "allege and establish standing within the parameters of the language used in the statute." *See In re H.G.*, 267 S.W.3d at 124. On this record, I would conclude that the prior divorce decree foreclosed any claim of standing based on Cristina being recognized as a parent.

## B. Standing based on care, custody, and control

### 1. Applicable law

As stated earlier, Section 102.003(a)(9) allows an original SAPCR to be filed at any time

---

[3] The court in *Treto* also noted that other state courts which have adopted the Uniform Parentage Act have concluded that the marital presumption applies to non-gestational mothers in same-sex marriages. *See Treto*, 622 S.W.3d at 401 (collecting cases).

by "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). To compute the time necessary to establish standing under Subsection 102.003(a)(9), "the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit." *Id.* § 102.003(b). A non-parent can make a showing of "actual care, control, and possession of the child" by showing she "served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children." *In re H.S.*, 550 S.W.3d at 160. It does not require a showing that the child's parent "wholly ceded or relinquished their own personal rights and responsibilities," or that the non-parent had "ultimate legal authority to control the child." *Id.* Ultimately, standing under Section 102.003(a)(9) merely addresses who may file a suit affecting the parent-child relationship, not what a petitioner must show to obtain the relief sought. *In re C.J.C.*, 603 S.W.3d 804, 817 (Tex. 2020).

2. *Timeliness*

Andrea argued Cristina's assertion under Section 102.003(a)(9) was not timely filed because her amended petition was filed over a year after her last possession of the child. Responding, Cristina asserts the 90-day limitation refers to the filing of the original petition, and not to her amended pleadings.

Section 102.003(a)(9) provides standing to a non-parent who has had actual care, control, and possession of the child who is the subject of the suit, for a period of at least six months but not ending more than 90 days before "the date of *the filing of the petition*." TEX. FAM. CODE ANN.

8

§ 102.003(a)(9)[Emphasis added]. Andrea asserts Cristina failed to assert Section 102.003(a)(9) standing in her original petition, and she cannot rely on the relation back doctrine to essentially cure a jurisdictional defect. TEX. R. CIV. P. 65; TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. However, the plain text of the standing statute merely requires the filing of the petition within the 90-day period, and not that the basis for standing must be asserted within that time frame. And because Andrea does not dispute that Cristina timely filed her original petition, I would conclude she met the timeliness element of Section 102.003(a)(9).

*3. Jurisdictional evidence*

Looking to the jurisdictional evidence presented to the trial court, Cristina testified that when D.A.A.-B. was born in 2014, she and Andrea both cared for her together. Cristina had purchased a home for the three of them to live together. Following the separation and eventual divorce in 2016, Andrea moved out of the marital residence. Cristina and Andrea agreed they would continue to share possession and parenting duties of the child. Cristina provided text messages showing conversation of agreed schedules and possession. Cristina testified she had possession of D.A.A.-B. every Wednesday at 4:00 p.m. to Thursday at 7:00 p.m. Additionally, every other weekend Cristina would have her from 7:00 p.m. on Friday to Monday at 7:00 a.m. On weekends without D.A.A.-B., Cristina would have her from 1:00 p.m. on Sunday to Monday at 7:00 a.m. This schedule continued until September 2017. Cristina also testified she paid Andrea monthly child support and she covered the child through her health insurance.

Andrea argued Cristina failed to establish standing under this section for three reasons: (1) Cristina did not establish she shared a principal residence with the child; (2) Cristina only exercised an expanded standard possession schedule rather than more than fifty percent of the time; and (3) Cristina never made independent decisions concerning the child. Based on the record, I disagree

9

with these conclusions.

When viewed in the light most favorable to Cristina, I would conclude that Andrea failed to conclusively establish that Cristina did not meet the requisite elements to establish standing as a person who had had actual care, control, and possession of the child for at least six months and ending not more than 90 days preceding the filing of the petition. *See* TEX. FAM. CODE ANN. § 102.003(a)(9). Cristina's testimony described an on-going schedule that she and Andrea followed before the underlying disagreement arose. Nothing about Cristina's testimony suggested nor otherwise established that she exercised care, control, and possession on a temporary basis and for a limited period. Cristina provided evidence of text messages demonstrating an agreement between she and Andrea regarding a possession schedule and her exercise of parenting decisions regarding the child. Although there was some testimony that there was no bed in the child's room, Cristina testified the child would sleep in a bed located in Cristina's room and she recently bought a bed for her room. There was also evidence that Cristina's home was the child's first home and remained her home when Cristina exercised her possession of the child. Cristina's evidence showed the child occupied her home consistently over a substantial period of time.

Even if there is a conflict on Cristina's decision-making ability, principal residence, and time spent with the child, Cristina was only required to present evidence sufficient to create a fact question on the jurisdictional issue of standing for purposes of this appeal. I would conclude that Andrea did not conclusively negate Cristina's standing under Section 102.003(a)(9). *See id.* § 102.003(a)(9). "Because the evidentiary standard applicable to a plea to the jurisdiction 'generally mirrors that of a summary judgment,' a trial court may not make credibility determinations or resolve conflicts in the evidence at this stage, but instead must 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Interest of T.D.L.*, 621

10

S.W.3d 346, 354 (Tex. App.—San Antonio 2021, no pet.)(quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)). For this reason, I would conclude that Andrea failed to conclusively negate standing based on Section 102.003(a)(9), and factual disputes exist that preclude the dismissal of the suit on this basis.

Based on the foregoing reasons, I concur in the majority's judgment.


GINA M. PALAFOX, Justice

August 30, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.