**Aaresh A. JAMSHEDJI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 14–05–00551–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 2006.

Discretionary Review Refused
Jan. 10, 2007.

Alexander B. Wathen, Kubosh & Associates, Houston, for appellant.

Bonita Carol Tolbert, Houston, for state.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

RICHARD H. EDELMAN, Justice.

Appellant's motions for rehearing and rehearing en banc are overruled, our opinion issued in this case on May 4, 2006, is withdrawn, and the following substitute opinion is issued in its place.

Aaresh A. Jamshedji appeals the revocation of his deferred disposition by the municipal court of record on the grounds that the trial court erred by revoking it: (1) *sua sponte*; (2) without advance notice; (3) without evidence; (4) without an evidentiary hearing; (5) without allocating the appropriate burden of proof; (6) under an unconstitutional statute; and (7) under an ambiguous order. We dismiss for lack of jurisdiction.

On February 26, 2004, appellant was charged with the offense of speeding, entered a plea of nolo contendere, waived a trial by jury, requested and was granted deferred disposition pursuant to article 45.051 of the Texas Code of Criminal Procedure,[1] and did not appeal that order.

---

1. *See* Tex.Code Crim. Proc. Ann. art. 45.051(a) (Vernon Pamphlet 2005).

However, on July 26, 2004, appellant appeared before the municipal court,[2] which, after hearing argument from appellant and the State, revoked appellant's deferred disposition, adjudged him guilty of the charged offense, and assessed a fine of $115, plus $85 in court costs.[3] Appellant appealed to the county criminal court,[4] which determined that it lacked jurisdiction and dismissed his appeal.

 An appellant has the right to appeal a municipal court of record judgment to the court of appeals if the fine assessed exceeds $100 and the judgment is affirmed by the county court. *See* TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon 2004). Here, however, instead of affirming the judgment of the municipal court, the county criminal court dismissed the appeal for lack of jurisdiction. Because an appellant has a right to appeal only to the extent provided by statute [5] and a right of appeal to this court exists only where a conviction in municipal court has been affirmed by the county court, there is no jurisdiction where, as here, the judgment has instead been dismissed by the county court.

In addition, when chapter 45 of the Code of Criminal Procedure, governing municipal courts, does not provide a rule of procedure relating to any aspect of a case, the other general provisions of the code are to be applied as necessary. *See* TEX. CODE CRIM. PROC. ANN. art. 45.002 (Vernon Pamphlet 2005). Article 45.051 allows adjudication to be deferred and defendants placed under supervision in much the same way as section 5 of article 42.12 of the code. *Id.* arts. 42.12, 45.051 (Vernon Pamphlet 2005). Texas law does not provide for the direct appeal from a trial court's determination to proceed to adjudication when a defendant violates conditions of community supervision under article 42.12. *See id.* art. 42.12 § 5(b); *see also Hogans v. State,* 176 S.W.3d 829, 832 (Tex.Crim. App.2005). We can find no legal authority or rationale to conclude that a greater right of appeal exists with regard to article 45.051 than article 42.12. Accordingly, we have no jurisdiction to hear this appeal, and it is dismissed.

---

**2.** Our record does not indicate what precipitated this appearance. However, the trial court noted that the hearing was held in response to appellant's motion to hold hearing before revocation.

**3.** Cause no. 07675431–6–1, Municipal Court No. 12, City of Houston, Harris County, Texas.

**4.** Appeal No. 5422, County Criminal Court at Law No. 13, Harris County, Texas. A defendant has the right of appeal from a judgment or conviction in a municipal court of record to the county criminal court. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp.2005).

**5.** *Griffin v. State,* 145 S.W.3d 645, 646 (Tex. Crim.App.2004).