In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00157-CR

                                                ______________________________

 

 

                                      TEXAS VITAL CARE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                                  On Appeal from the County Court 

                                                             Fannin County, Texas

                                                         Trial Court
No. 44925-app

 

                                                                     
                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Texas
Vital Care[1]
was issued three citations for violation of City of Bonham Ordinance No. 1048,
an ordinance restricting the transportation of emergency and non-emergency
patients in the City of Bonham.  Texas
Vital Care was found guilty of violating the ordinance upon trial in the Bonham
Municipal Court of Record[2]
and was fined $500.00 on each of the three violations.  The municipal court denied Texas Vital Care’s
motion for new trial, and Texas Vital Care appealed to the County Court of
Fannin County.  See Tex. Gov’t Code Ann.
§ 30.00014(a) (Vernon Supp. 2009).[3]  

            The
State filed a motion to dismiss the appeal, alleging Texas Vital Care’s
noncompliance with Section 30.00015 of the Texas Government Code, requiring the
filing of an appeal bond in order to perfect an appeal to the county court.[4]
 Having determined that no appeal bond
had been filed, the county court dismissed the appeal and remanded the case to
municipal court for execution of sentence. 
Texas Vital Care now attempts to appeal the county court’s order of
dismissal to this Court.  

            Although
not raised by any party, we must notice, even sua sponte, the matter of our own
jurisdiction over the merits of this appeal because jurisdiction is fundamental
and cannot be ignored.  State v. Roberts, 940 S.W.2d 655, 657 (Tex.
Crim. App. 1996), overruled on other grounds by State v. Medrano, 67 S.W.3d 892,
903 (Tex. Crim. App. 2002).  The record
reflects that the county court dismissed the appeal because Texas Vital Care
failed to file an appeal bond in the municipal court of record.  

            A
defendant may appeal to a court of appeals if he is convicted in a municipal
court of record only if “the fine assessed against the defendant [in municipal
court] exceeds $100 and if the judgment is affirmed” by the county court.  Tex.
Gov’t Code Ann. § 30.00027(a) (Vernon 2004).  In this case, Texas Vital Care was convicted
in a municipal court of record and the fine assessed for each conviction was
$500.00.  However, the judgment of the
municipal court was never addressed on the merits.  Instead, the county court dismissed the
appeal for failure to file an appeal bond. 
It, therefore, appears that because the judgment was not affirmed by the
trial court, this Court does not have jurisdiction to hear the appeal as the
statutory requirements of Section 30.00027(a) of the Texas Government Code
have not been satisfied.  

            The
only reported case addressing the issue now before this Court is Jamshedji v. State, 230 S.W.3d 224 (Tex.
App.––Houston [14th Dist.] 2006, pet. ref’d). 
In that case, the appellate court determined that it lacked jurisdiction
to entertain an appeal after the county criminal court dismissed the appeal
from a municipal court of record for want of jurisdiction.  The court determined that the right to appeal
exists only where a conviction in municipal court has been affirmed by the county
court.  Id. at 225.  A situation effectively
identical to this one was addressed in a memorandum opinion by the Fort Worth
Court of Appeals.  The court held that
because the county criminal court dismissed, rather than affirmed the municipal
court judgment, there is no right to appeal. 
The appeal was therefore dismissed for want of jurisdiction.  McDowell
v. State, No. 2-07-260-CR, 2007 WL 3037710 (Tex. App.––Fort Worth Oct. 18,
2007, pet. ref’d) (mem. op., not designated for publication).[5]

            One
convicted of a crime has no common law or constitutional right to appeal.  Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  The right to appeal is, instead, purely a
statutory right.  Id.  “[T]o the extent that
the legislature has created such a right, one hoping to invoke it must abide by
the statutory requirements creating it.” 
Ford v. State, 20 S.W.3d 777,
779 (Tex. App.––Amarillo 2000, no pet.). 
The right to invoke the jurisdiction of this Court in a case originating
in a municipal court of record is determined by Section 30.00027.  See
Alexander v. State, 240 S.W.3d 72, 75 (Tex. App.––Austin 2007, no
pet.).  This section limits our
jurisdiction to those cases in which the judgment was affirmed by the appellate
court.  Tex.
Gov’t Code Ann. § 30.00027.  This
Court is not at liberty to ignore or rewrite this legislative mandate.[6]
Because the municipal court judgment was not affirmed by the appellate court,
this Court has no jurisdiction.  If an
appellate court is without jurisdiction over an appeal, it can only dismiss the
appeal.  See Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.––Dallas 1999,
no pet.).

            We
dismiss the appeal for want of jurisdiction.

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          September
13, 2010

Date Decided:             September
14, 2010

 

Publish











[1]The
citations were actually issued in the full name of Texas Vital Care:  Bells Savoy Community Emergency Services, Inc.,
d/b/a Texas Vital Care EMS.

 





[2]Municipal
courts of record are provided for by Chapter 30 of the Texas Government
Code.  A municipality may choose to have
either a “municipal court” or a “municipal court of record,” but not both.  See
Tex. Gov’t Code Ann. §
30.00003(e) (Vernon 2004).  A primary
distinction between these types of municipal courts is that a “municipal court”
established under Section 29.002 of the Texas Government Code is not a court of
record.  See Tex. Gov’t Code Ann.
§ 29.002 (Vernon 2004).  Thus, an appeal
from such a municipal court is necessarily by trial de novo because there is no
“trial record” for the county court to consider on appeal.  See
State v. Blankenship, 170 S.W.3d 676, 680 n.7 (Tex. App.––Austin 2005, pet.
ref’d); Tweedie v. State, 10 S.W.3d
346, 348 (Tex. App.––Dallas 1998, no pet.). 
By comparison, an appeal from a municipal court of record must be “based
only on errors reflected in the record.” Tex.
Code Crim. Proc. Ann. art. 44.17 (Vernon 2006); see also Tex. Gov’t Code Ann.
§ 30.00014(b) (Vernon Supp. 2009).  

 





[3]This
provision of the Texas Government Code affords the right of appeal from “a
judgment or conviction in a municipal court of record. . . . The county
criminal courts or county criminal courts of appeal in the county in which the
municipality is located or the municipal courts of appeal have jurisdiction of
appeals from a municipal court of record.” 
Tex. Gov’t Code Ann. §
30.00014(a).

 





[4]Section
30.00015 requires that if the defendant is not in custody,

 

[T]he defendant may not
take an appeal until the defendant files an appeal bond with the municipal
court of record.  The bond must be
approved by the court and must be filed not later than the 10th day after the
date on which the motion for new trial is overruled. 

 

Tex. Gov’t Code Ann. § 30.00015(a) (Vernon 2004).





[5]While
unpublished, or memorandum, opinions are not binding precedent, such opinions
may be considered as persuasive authority. 
See also Underwood v. State, No. 14-06-00763-CR, 2007 WL 1745297 (Tex.
App.––Houston [14th Dist.] June 19, 2007, no pet.) (mem. op., not designated
for publication) (right to appeal to court of appeals from municipal court of
record judgment exists only when judgment is affirmed by the county court).





[6]The
best evidence of legislative intent is the statutory text.  Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  The language of Section 30.00027(a) is clear
and unambiguous.