**Opinion issued March 5, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00750-CR**

**NO. 01-14-00751-CR**

———————————

**ERNEST FLORES, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case Nos. 5640 & 5641**

---

**O P I N I O N**

In municipal court, a jury found Ernest Flores guilty of the traffic offenses of speeding and failing to display a valid driver's license upon demand of a peace officer. *See* TEX. TRANSP. CODE ANN. § 545.351(a) (Vernon 2011) (speeding),

§ 521.025 (Vernon 2013) (failing to display a valid driver's license). The jury assessed a fine of $100 for each offense, and the municipal court rendered judgments on the verdicts.

Proceeding pro se, Flores appealed each judgment of conviction to the county criminal court at law. *See* TEX. GOV'T CODE ANN. § 30.00014(a) (Vernon Supp. 2014) (providing for appeal to county court from conviction in municipal court of record). The county court signed judgments dismissing both appeals for lack of jurisdiction. In its written opinion supporting each judgment, the county court stated that Flores had failed to timely file his appeal bond as required by Government Code section 30.00015(a) to invoke the appellate jurisdiction of the county criminal court. *See id.* § 30.00015(a) (Vernon 2004) (providing, "The bond must be approved by the court and must be filed not later than the 10th day after the date on which the motion for new trial is overruled.") Flores has now appealed to this Court, challenging the county criminal court's judgments dismissing his appeals of the municipal court judgments.

After reviewing the record, we conclude that we do not have jurisdiction over these appeals. Neither the United States nor the Texas Constitution provides that a defendant has a right to appeal a criminal conviction; the right to appeal is created by statute. *McKinney v. State*, 207 S.W.3d 366, 374 (Tex. Crim. App. 2006). Government Code section 30.00027(a) provides this Court with jurisdiction

2

to review a county criminal court's judgment affirming a municipal court judgment when the fine exceeds $100 or the sole issue is the constitutionality of the statute or ordinance on which a conviction is based. *See* TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon Supp. 2014).

Here, the county criminal court dismissed, rather than affirmed, Flores's municipal court judgments. *See id.*; *see also Tex. Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (holding court of appeals lacked jurisdiction to consider appeal after county court dismissed appeal from municipal court for failure to pay appeal bond); *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding court of appeals lacked jurisdiction to entertain appeal after county court dismissed appeal from municipal court for lack of jurisdiction). In addition, the fine assessed against Flores in each case was $100; it did not exceed $100. *See id.* § 30.00027(a). And a review of the record shows that Flores's "sole issue" in the county court was not "the constitutionality of the statute or ordinance on which a conviction is based." *See id.*

We hold that Flores does not have a statutory right to appeal the county criminal court's judgments to this Court. We dismiss both appeals for lack of jurisdiction.[*]

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Publish. TEX. R. APP. P. 47.2(b).

---

[*] On November 20, 2014, this Court notified Flores of its intent to dismiss these appeals for want of jurisdiction unless, within 10 days, he filed a response explaining why this Court has jurisdiction over these appeals. *See* TEX. R. APP. P. 42.3(a). Flores filed a response, asserting that the county court incorrectly dismissed his appeals to that court of the municipal court judgments. However, as discussed, we do not have jurisdiction to consider the merits of Flores's challenge to the county criminal court's judgments of dismissal. *See* TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon Supp. 2014).