

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-15-00235-CR
### NOS. 02-15-00236-CR
### NOS. 02-15-00237-CR
### NOS. 02-15-00238-CR
### NOS. 02-15-00239-CR
### NOS. 02-15-00240-CR
### NOS. 02-15-00241-CR

HAROLD SCHATZ                                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY
TRIAL COURT NOS. G850946-A2584675, G850947-A2584676, G850947-
A2584677, G850948-A2584678, G850948-A2584679, G850948-A2584680,
G850949-A2584681

----------

## OPINION

----------

On August 20, 2013, Appellant Harold Schatz was found guilty in the municipal court of Fort Worth on seven counts of maintaining a substandard apartment building and was fined $2,000 on three of the counts, $1,262 on two

counts, and $1,562 on the remaining two counts. Schatz appealed in all seven cases to the county criminal court. The county criminal court dismissed the cases on June 4, 2015, stating, "The transcript in the . . . appeals do not contain a judgment that meets the requirements of Articles 42.01 and 45.041 of the Code of Criminal Procedure. Without a record containing a judgment, this Court has no jurisdiction over the appeal." *See* Tex. Code Crim. Proc. Ann. arts. 42.01, 45.041 (West 2006). On July 8, 2015, Schatz filed notices of appeal in this court.

On July 22, 2015, we notified Schatz of our concern that we lacked jurisdiction over these appeals. *See* Tex. Gov't Code Ann. § 30.00027(a) (West Supp. 2014) (providing that court of appeals has jurisdiction of further appeal from county court review of municipal court of record judgment if (a) the fine assessed is greater than $100 and the county court affirms the municipal court's judgment or (b) the sole issue is the constitutionality of the statute or ordinance upon which a conviction is based). We stated that we would dismiss the appeals unless any party filed a response on or before August 3, 2015, showing that this court has jurisdiction to consider the appeals.

Schatz filed a response to our letter noting that the fine in each case exceeded the statutory minimum of $100. However, Schatz did not address the other statutory requirement that the county court must affirm the municipal court's judgment. *See id.* The county court's judgment in each of these appeals dismissed the appeal. Because the county court did not affirm the municipal court's judgment, we lack jurisdiction over the appeals. *See id.*; *Flores v. State*,

2

462 S.W.3d 551 (Tex. App.—Houston [1st Dist.] Mar. 5, 2015, no pet.) (dismissing appeals for lack of jurisdiction when county criminal court dismissed appeal of municipal court judgments). We therefore dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

Publish

DELIVERED: August 13, 2015

3