**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00051-CR

———————————

**SAN JACINTO RETIREMENT COMMUNITY, INC., Appellant**

**V.**

**THE CITY OF BAYTOWN, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 5672**

---

## MEMORANDUM OPINION

This is an attempted appeal from a municipal court demolition order of real property belonging to the appellant, San Jacinto Retirement Community, Inc. The appellee, The City of Baytown, filed a motion to dismiss for lack of jurisdiction. We agree, grant the motion, and dismiss this appeal for lack of jurisdiction.

On August 26, 2015, the appellee obtained from the Municipal Court of Record in the City of Baytown an order declaring a building that appellant owned was substandard and ordering its demolition. *See* TEX. LOC. GOV'T CODE ANN. § 214.001(a)(1) (West Supp. 2015) (stating that "[a] municipality may, by ordinance, require the . . . demolition of a building that is: (1) dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare"). Appellant could have sought initial appellate review only by filing a verified petition in the district court within thirty days of receipt of the order. *See id.* § 214.0012(a) (West Supp. 2015) ("Any owner . . . of property . . . aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition . . ." which "must be filed by an owner . . . within 30 calendar days after the respective date[] a copy of the final decision of the municipality is . . . mailed to them"). Instead, appellant attempted to appeal the civil demolition order to the county criminal court at law, which dismissed the appeal for lack of jurisdiction in an opinion and order signed on December 10, 2015.

On December 28, 2015, appellant timely filed a notice of appeal from the county criminal court at law's order. On March 4, 2016, appellee filed this motion to dismiss this appeal, primarily for lack of jurisdiction because the civil demolition order from municipal court could only have been initially appealed to the district

court.[1]  More than ten days has passed, but appellant has not filed a response.  *See* TEX. R. APP. P. 10.3(a).

This is a criminal appeal because appellant challenges the county criminal court at law's order.  The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

In this case, appellant is not appealing from a judgment of conviction or appealable interlocutory order.  Instead, appellant attempts to appeal from the county criminal court at law's dismissal of an appeal from a municipal court of record's civil demolition order.  However, an appellant only has the right to appeal from a municipal court of record to this Court if there was a fine over $100.00 assessed against appellant and the court below affirmed the judgment or the sole issue is the constitutionality of the statute or ordinance.  *See Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (dismissing for want of jurisdiction appeals from county criminal court's judgment dismissing municipal court judgments because fines were $100.00 and "sole issue" was not

---

[1]     Appellee also moved to dismiss for lack of standing because the property in question was sold on December 1, 2015.  Because we lack jurisdiction on other grounds, we need not analyze whether appellant also lacks standing.

3

constitutionality) (citing, *inter alia*, TEX. GOV'T CODE ANN. § 30.00027(a) (Vernon Supp. 2014)). Here, because no fine was assessed against appellant and the court below dismissed the appeal, and appellant did not raise a constitutionality challenge, this Court lacks subject matter jurisdiction over this appeal.[2]

## CONCLUSION

Accordingly, we **grant** the appellee's motion and **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Moreover, because Harris County criminal courts at law lack jurisdiction to consider civil appeals from municipal courts of record, we similarly lack jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.1033(a) (West Supp. 2015) (stating that "[a] county criminal court at law in Harris County has . . . appellate jurisdiction in appeals of *criminal cases from . . . municipal courts in the county*.") (emphasis added).

4