**DISMISSED and Opinion Filed June 16, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01561-CR

**TENNELL ATKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-15-R-0011-D**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Bridges and Lang
Opinion by Chief Justice Wright

Tennell Atkins appeals the county criminal court's order dismissing his appeal of a municipal court judgment. We dismiss the current appeal for want of jurisdiction.

On June 18, 2015, a municipal court convicted appellant of misdemeanor assault and fined him $100. Appellant appealed his conviction to the county criminal court. On November 18, 2015, the county criminal court dismissed appellant's appeal for want of jurisdiction because he failed to timely file an adequate appeal bond. *See* TEX. GOV'T CODE ANN §§ 30.00015(a–b) (West 2004); TEX. CODE CRIM. PRO. ANN. arts. 45.0425(a), 45.0426(a) (West 2006) (detailing

requirements for appeal bond to perfect appeal from municipal court judgment). On December 31, 2015, appellant filed a notice of appeal with this Court.[1]

This Court has jurisdiction to provide further review of a municipal court judgment if:

(1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the [county criminal court]; or

(2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.

TEX. GOV'T CODE ANN. § 30.00027(a) (West Supp. 2015).

Appellant's $100 fine does not exceed $100; the county criminal court of appeals dismissed his appeal without consideration of the merits;[2] and the constitutionality of the assault statute is not in issue. Therefore, this Court lacks jurisdiction to consider the merits of appellant's appeal. *See id*.; *Schatz v. State*, 471 S.W.3d 928, 929 (Tex. App.—Fort Worth 2015, no pet.) (dismissing appeal for want of jurisdiction because county criminal court dismissed appeal rather than affirmed municipal court judgment); *Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.— Houston [1st Dist.] 2015, no pet.) (dismissing appeals because county criminal court dismissed appeals from municipal court judgments and $100 fines assessed did not exceed $100 as required by jurisdictional statute); *Texas Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (appeal dismissed for want of jurisdiction after county criminal court dismissed appeal of municipal court judgment for failure to file an appeal bond).

---

[1] Appellant's notice of appeal was filed with a motion to permit the late filing of the notice of appeal. By order dated January 7, 2016, the Court granted the motion and accepted the notice of appeal. *See* TEX. R. APP. P. 26.3.

[2] The county criminal court's order states "[t]he result of Appellant's failure to timely file an appeal bond in the appropriate amount in this Court is deprived of jurisdiction to hear this appeal." The court rules "this appeal is dismissed and this case remanded" but also states, "APPEAL DISMISSED, JUDGMENT AFFIRMED." Because the order explicitly dismisses the case for want of jurisdiction and the court never addresses the merits, we conclude that the county criminal court's order does not constitute an affirmance within the meaning of section 30.00027(a).

We dismiss this appeal for want of jurisdiction.

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151561F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TENNELL ATKINS, Appellant

No. 05-15-01561-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-15-R-0011-D.
Opinion delivered by Chief Justice Wright.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered June 16, 2016.