**Opinion issued December 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00880-CR

_____

**FRANK CARR, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 5**
**Harris County, Texas**
**Trial Court Case No. 5674**

---

## MEMORANDUM OPINION

In municipal court, a jury found appellant, Frank Carr, Jr., guilty of the traffic

offense of speeding[1] and assessed his punishment at a $150.00 fine. Appellant gave

---

[1]     *See* TEX. TRANSP. CODE ANN. § 545.352(a) (West 2011).

an oral notice of appeal to the county criminal court at law after the jury verdict and before filing his motion for new trial. On August 10, 2018, the county criminal court at law dismissed the appeal for lack of jurisdiction, concluding that appellant's oral notice of appeal was insufficient to invoke that court's jurisdiction. Appellant filed a notice of appeal to this Court. We dismiss the appeal for lack of jurisdiction.

A person convicted of an offense in a municipal court of record may appeal that conviction to a county criminal court. TEX. GOV'T CODE ANN. § 30.00014(a) (West Supp. 2018). The county criminal court may not retry the case but determines the appeal on the basis of any errors shown in the municipal court record. *See id.* § 30.00014(b); *Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet.). The county criminal court may affirm, reverse, or reform the municipal court's judgment. TEX. GOV'T CODE ANN. § 30.00024(a) (West Supp. 2018); *see Alexander v. State,* 240 S.W.3d 72, 74 (Tex. App.—Austin 2007, no pet.). The defendant may then appeal to the court of appeals if (1) the county criminal court affirms the municipal court's judgment and the fine assessed against the defendant exceeds $100, or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based. TEX. GOV'T CODE ANN. § 30.00027(a) (West Supp. 2018); *see Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Here, the county criminal court at law concluded that it did not have "jurisdiction to hear [appellant's] appeal" of the municipal court judgment and dismissed the appeal. And, the record filed in this Court reflects that appellant's sole issue in the county criminal court at law was not the constitutionality of the statute on which his conviction was based.[2] Accordingly, we conclude that appellant does not have a statutory right to appeal the county criminal court at law judgment to this Court, and we do not have jurisdiction over the appeal. *See Flores*, 462 S.W.3d at 552; *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

Even if appellant had a statutory right of appeal, we could not exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE ANN. § 30.00027(b). A defendant's notice of appeal is timely if filed within

---

[2] The record reflects that appellant raised two issues in his motion for new trial in municipal court: "(1) the accuracy and precision of the laser used to measure the speed of Appellant's vehicle was not established at trial; and (2) the State failed to provide timely pretrial discovery." Appellant then "[brought] forward the first issue" to the county criminal court at law. The record, thus, demonstrates that appellant did not challenge the constitutionality of the speeding statute in the county criminal court at law. *See Wass v. State*, No. 05-17-00649-CR, 2017 WL 3275918, at *1 (Tex. App.—Dallas Aug. 1, 2017, no pet.) (mem. op., not designated for publication); *Geraci v. State*, No. 03-17-00023-CR, 2017 WL 1315347, at *2 n.1 (Tex. App.—Austin Apr. 6, 2017, no. pet.) (mem. op., not designated for publication).

thirty days after the date sentence is imposed or suspended in open court or the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1); *see Swain*, 319 S.W.3d at 879–80.

Here, the trial court signed the order of dismissal on August 10, 2018. Appellant's notice of appeal, therefore, was due to be filed no later than September 10, 2018. *See* TEX. R. APP. P. 4.1, 26.2(a)(1). His notice of appeal, filed on September 20, 2018, was untimely to perfect an appeal of the county criminal court at law's order, and we have no basis for jurisdiction over the appeal. *See Swain*, 319 S.W.3d at 880; *see, e.g.*, *Carrillo v. State*, No. 01-11-00495-CR, 2011 WL 4507218, at *1 (Tex. App.—Houston [1st Dist.] Sept. 29, 2011, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Lloyd, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).