**DISMISS; and Opinion Filed January 29, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01225-CR**

**RODOLFO CHAPA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC17-R0002-D**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Brown

Rodolfo Chapa appeals his conviction for assault. After being found guilty by a jury in Municipal Court No. 1 of Carrollton and assessed a $500 fine, appellant filed a pro se appeal in County Criminal Court of Appeals No. 1. On July 26, 2017, the court dismissed his appeal for want of jurisdiction stating that, although appellant timely filed his appeal bond as required by Government Code section 30.00014, he failed to file a written notice of appeal. Appellant then filed his notice of appeal in this Court, challenging the judgment of the county criminal court of appeals.

After reviewing the record, we conclude we do not have jurisdiction over this appeal. Neither the United States nor the Texas Constitution provides that a defendant has a right to appeal a criminal conviction; rather, the right to appeal is created by statute. *McKinney v. State*, 207

S.W.3d 366, 374 (Tex. Crim. App. 2006). Section 30.00027(a) of the Government Code provides this Court with jurisdiction to review a county criminal court's judgment affirming a municipal court judgment when the fine exceeds $100 or the sole issue is the constitutionality of the statute or ordinance on which a conviction is based. *See* TEX. GOV'T CODE ANN. § 30.00027(a).

Although appellant's fine exceeded $100, the county criminal court of appeals dismissed, rather than affirmed, appellant's municipal court judgment. *See id*.; *see also Schatz v. State*, 471 S.W.3d 928, 929 (Tex. App.—Fort Worth 2015, no pet.) (holding court of appeals lacked jurisdiction because the county court dismissed the appeal from the municipal court judgment); *Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (same); *Tex. Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (same); *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (same). And a review of the record shows that appellant's issues raised in the county criminal court of appeals did not include "the constitutionality of the statute or ordinance on which a conviction is based." *See* TEX. GOV'T CODE ANN. § 30.00027(a). Under these circumstances, we conclude we lack jurisdiction.

We dismiss this appeal.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

181225F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODOLFO CHAPA, Appellant

No. 05-18-01225-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC17-R0002-D.
Opinion delivered by Justice Brown, Justices Bridges and Whitehill participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered this 29th day of January, 2019.