

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00138-CR

_____

JAMES THOMAS SULLIVAN, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. A3053415

Before Birdwell, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Sullivan was cited for driving 69 miles per hour in an area with a speed limit of 50 miles per hour. The municipal court assessed a fine of $144.90.

Sullivan appealed to the county criminal court. Because Sullivan's appeal was untimely, that court determined that it lacked jurisdiction, and it dismissed the appeal.

Sullivan attempts to appeal to this court. The State moved to dismiss this appeal for lack of jurisdiction. We grant the State's motion.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The Texas Government Code authorizes the right to appeal a municipal court of record judgment to the court of appeals if either (1) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based or (2) the fine assessed exceeds $100 and the judgment is affirmed by the county court. Tex. Gov't Code Ann. § 30.00027(a).[1]

---

[1]In his response, Sullivan contends that an appeal should also be allowed under Texas Code of Criminal Procedure Article 4.03 because that section does not require a judgment to be affirmed by the county criminal court. *See* Tex. Code Crim. Proc. Ann. art. 4.03. However, the current version of Article 4.03 does so limit the right to appeal from municipal court:

Sullivan has not satisfied either of these paths to appellate jurisdiction. Sullivan did not appeal the constitutionality of a statute or ordinance. He was assessed a fine over $100, but instead of affirming the municipal court's judgment, the county criminal court dismissed the appeal for lack of jurisdiction. Because "a right of appeal to this court exists only where a conviction in municipal court has been affirmed by the county court, there is no jurisdiction where, as here, the judgment has instead been dismissed by the county court." *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (op. on reh'g). Thus, in a prior case in which the county court dismissed the appeal due to a timeliness issue, we determined that we lacked jurisdiction over the appellant's attempted appeal to this court. *McDowell v. State*, No. 2-07-260-CR, 2007 WL 3037710, at *1–2 (Tex. App.—Fort Worth Oct. 18, 2007, pet. ref'd) (per curiam) (mem. op., not designated for publication); *see Schatz v. State*, 471 S.W.3d 928, 929 (Tex. App.—Fort Worth 2015, no pet.) (similar); *Mizer v. State*, No. 02-12-00560-CR, 2013 WL 709274, at *1 (Tex. App.—Fort Worth Feb. 28, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (similar); *Ramirez v. State*, No.

---

This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed *or affirmed* by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

*Id.* (emphasis added); *Ex parte Bowens*, 572 S.W.3d 322, 325 (Tex. App.—Austin 2019, no pet.); *see Ex parte Brand*, 822 S.W.2d 636, 638 n.3 (Tex. Crim. App. 1992).

3

02-12-00011-CR, 2012 WL 955371, at *1 (Tex. App.—Fort Worth Mar. 22, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication) (similar).

The same conclusion is in order here. We dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 24, 2021

4