

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00130-CR

———————————————

ALLEN MAKI, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. A3397142

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Allen Maki attempts to appeal the county criminal court's order dismissing his appeal from an Arlington municipal court's judgment. Because he has no right to appeal from the county criminal court's order, we dismiss the appeal for want of jurisdiction.

On January 3, 2022, the municipal court convicted Maki of a Class C misdemeanor involving family violence. The municipal court assessed a $581 fine and court costs. Appellant filed an appeal in the county criminal court, and the county criminal court later dismissed his appeal for failure to timely file an appeal bond. *See* Tex. Gov't Code Ann. § 30.00015(a).

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). A person may appeal a county criminal court's judgment on appeal of a municipal court judgment to the court of appeals if (1) the fine assessed exceeds $100 and the judgment is affirmed by the county criminal court or (2) if the sole issue is the constitutionality of the statute or ordinance on which the conviction is based. Tex. Gov't Code Ann. § 30.00027(a); *Sullivan v. State*, No. 02-20-00138-CR, 2021 WL 2586612, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (per curiam)

2

(mem. op.); *Ramirez v. State*, No. 02-12-00011-CR, 2012 WL 955371, at *1 (Tex. App.—Fort Worth Mar. 22, 2012, pet. ref'd) (per curiam) (mem. op.).

We notified Maki that we were concerned that we may not have jurisdiction over the appeal because the county criminal court's order of dismissal did not appear to be appealable. We informed Maki that we could dismiss his appeal unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f). While Maki filed a response, it does not show grounds for continuing the appeal.[1]

Because the county criminal court dismissed the appeal from the municipal court's judgment—instead of affirming it—and because the sole issue of the appeal is not the constitutionality of the statute upon which Maki's conviction is based, we dismiss Maki's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Sullivan*, 2021 WL 2586612, at *1 (dismissing appeal for lack of jurisdiction where county criminal court dismissed appeal of municipal court's judgment and sole issue on

---

[1]In his response, Maki acknowledges that he is not appealing the constitutionality of the statute on which his conviction is based. And while he complains that he did timely file his appeal bond, even if true, that does not change the fact that the county criminal court dismissed, rather than affirmed his appeal. *See Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (holding that because "a right of appeal to this court exists only where a conviction in municipal court has been affirmed by the county court, there is no jurisdiction where, as here, the [appeal] has instead been dismissed by the county court").

appeal was not based on the statute or ordinance on which the conviction was based);

*Ramirez*, 2012 WL 955371, at *1 (similar).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 4, 2022

4