**Opinion issued July 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00304-CR

## NO. 01-25-00305-CR

————————————

**RONALD WHITFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case Nos. 5829 and 5830**

---

## MEMORANDUM OPINION

A municipal court found appellant, Ronald Whitfield, guilty of the traffic

offenses of failure to change lanes without signaling and failure to signal a turn.[1]

---

[1]     TEX. TRANSP. CODE § 545.104(a), (b).

Appellant appealed to the county criminal court at law. On November 11, 2022, the county criminal court at law issued an opinion dismissing the appeals for lack of jurisdiction, concluding that (1) no final judgments appear in the record and (2) appellant had not posted the required appeal bonds. *See* TEX. GOV'T CODE §§ 30.00014(a) ("A defendant has the right of appeal from a judgment or conviction in a municipal court of record."); 30.00015(a) ("If the defendant is not in custody, the defendant may not take an appeal until the defendant files an appeal bond with the municipal court of record."). On April 22, 2025, appellant filed a notice of appeal to this Court attempting to appeal the November 11, 2022 dismissal opinion. We dismiss the appeal for lack of jurisdiction.

A person convicted of an offense in a municipal court of record may appeal that conviction to a county criminal court. TEX. GOV'T CODE § 30.00014(a). The county criminal court may not retry the case but determines the appeal on the basis of any errors set forth in appellant's motion for new trial and shown in the municipal court record. *See id.* § 30.00014(b); *Swain v. State*, 319 S.W.3d 878, 879 (Tex. App.—Fort Worth 2010, no pet.).[2] The county criminal court may affirm, reverse, or reform the municipal court's judgment. TEX. GOV'T CODE §

---

[2] To perfect an appeal, the appellant must file a written motion for new trial with the municipal clerk not later than the 10th day after the date on which judgment is rendered. TEX. GOV'T CODE § 30.00014(c). The appellant must also give notice of the appeal. *Id*. 30.00014(d).

30.00024(a); *see Alexander v. State,* 240 S.W.3d 72, 74 (Tex. App.—Austin 2007, no pet.). The defendant may then appeal to the court of appeals if (1) the county criminal court affirms the municipal court's judgment and the fine assessed against the defendant exceeds $100, or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based. TEX. GOV'T CODE § 30.00027(a); *see Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

Here, the county criminal court at law did not affirm any judgments; rather, the court dismissed the appeals for lack of jurisdiction. *See* TEX. GOV'T CODE § 30.00027(a). And the record filed in this Court reflects that appellant's sole issue in the county criminal court at law was not the constitutionality of the statutes on which his convictions were based. *See id.* Accordingly, we conclude that appellant does not have a statutory right to appeal the county criminal court at law judgment to this Court, and we do not have jurisdiction over the appeal. *See Flores*, 462 S.W.3d at 552; *Jamshedji v. State*, 230 S.W.3d 224, 225 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

Even if appellant had a statutory right of appeal, we cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also* TEX. GOV'T

CODE § 30.00027(b). A defendant's notice of appeal is timely if filed within thirty days after the date sentence is imposed or suspended in open court or the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1); *see Swain*, 319 S.W.3d at 879–80.

Here, the county criminal court at law signed its dismissal opinion on November 2, 2022. Appellant's notice of appeal from the dismissal opinion, therefore, was due to be filed no later than December 2, 2022. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's notice of appeal filed on April 22, 2025—over twenty-eight months after the deadline—was untimely to perfect an appeal of the county criminal court at law's opinion, and we have no basis for jurisdiction over the appeal. *See Swain*, 319 S.W.3d at 880; *see also Carrillo v. State*, No. 01-11-00495-CR, 2011 WL 4507218, at *1 (Tex. App.—Houston [1st Dist.] Sept. 29, 2011, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).

4