# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00618-CR

---

**John B. Gordon, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY**
**NO. 25-02978-2, THE HONORABLE LAURA B. BARKER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury empaneled by the Municipal Court for the City of Round Rock found appellant John B. Gordon guilty of violating a municipal zoning ordinance by constructing an accessory building without the necessary permit. *See* Round Rock, Tex., Code of Ordinances, art. X, § 8-102 (2018) (adopting International Building Code); *see also* International Code Council, Inc., Int'l Bldg. Code § 105.1 (2015 ed.) (governing required building permits). In accordance with the jury's verdict, the municipal court ordered Gordon to pay a $500 fine and court costs.

Gordon attempted to appeal the judgment of conviction to the county court at law and filed an appeal bond with the municipal court on April 22, 2025—fourteen days after the judgment was entered. *See* Tex. Code Crim. Proc. arts. 45A.202(a) (providing that appeal from municipal court "shall be heard by the county court"), .203(a)(2) ("An appeal is perfected when

the appeal bond has been filed . . . not later than the 10th day after the date the judgment was entered."). Because the appeal bond was untimely, the county court at law granted the State's plea to the jurisdiction and motion to dismiss Gordon's appeal and remanded the case to the municipal court to execute his sentence, *see id.* art. 45A.203(b) ("If an appeal bond is not timely filed, the appellate court does not have jurisdiction over the case and shall remand the case to the justice or municipal court for execution of the sentence."). Gordon, acting pro se, appeals the county court at law's order dismissing his appeal for want of jurisdiction.

Neither the United States nor Texas Constitution guarantees the right to appeal in a criminal case; the right is statutory. *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). "And, to the extent that the legislature has created such a right, one hoping to invoke it must abide by the statutory requirements creating it." *Ford v. State*, 20 S.W.3d 777, 779 (Tex. App.—Amarillo 2000, no pet.). Gordon's failure to file the appeal bond within ten days deprived the county court at law of jurisdiction and left it with no choice but to remand the case for execution of the sentence. *See* Tex. Code Crim. Proc. art. 45A.203(a)(2), (b).

Because the county court at law dismissed Gordon's appeal for want of jurisdiction, we likewise lack jurisdiction to consider the merits of the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal and can take no action other than to dismiss appeal); *Gant v. Abbott*, 574 S.W.3d 625, 630 (Tex. App.—Austin 2019, no pet.) ("Our jurisdiction over the merits of this case extends no further than the jurisdiction possessed by the district court." (citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958)); *see also Flores v. State*, 462 S.W.3d 551, 552 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding that court of appeals lacked jurisdiction to review defendant's municipal court

2

judgment because county criminal court dismissed his appeal); *Texas Vital Care v. State*, 323 S.W.3d 609, 611 (Tex. App.—Texarkana 2010, no pet.) (determining that court of appeals lacked jurisdiction to consider appeal after county court dismissed appeal from municipal court for failure to pay appeal bond).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Slaton*, 981 S.W.2d at 210.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed:   October 9, 2025

Do Not Publish